# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLE COMPUTER, INC., ) | CASE NO. 06-C-0263-C_____ |
| ) | |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| CREATIVE LABS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Apple Computer, Inc. ("Apple") for its First Amended Complaint against Creative Labs, Inc. ("Creative"), hereby demands a jury trial and alleges as follows:

### THE PARTIES

1. Plaintiff Apple is a corporation organized under the laws of the State of California, having its principal place of business at One Infinite Loop, Cupertino, California 95014. Apple manufactures and sells computer hardware and software under various brand names, portable digital media players under the brand name iPod, and associated software under the brand name iTunes. Apple owns numerous patents in various countries around the world, including the United States, that relate to these products and components, as well as other areas of technology.

2. On information and belief, Defendant Creative is a corporation organized and existing under the laws of the state of California, having its principal place of business at 1901 McCarthy Boulevard, Milpitas, California 95035. On information and belief, Creative develops, tests, sells, markets and distributes personal digital entertainment products and products for personal computers, including portable media devices and components thereof.

## NATURE OF THE ACTION

3. This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.*

## JURISDICTION

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 271 *et seq*. This Court has personal jurisdiction over Creative because Creative has established minimum contacts with the forum and the exercise of jurisdiction over Creative would not offend traditional notions of fair play and substantial justice. On information and belief, Creative has voluntarily conducted business and solicited customers in the State of Wisconsin. Creative has committed and continues to commit acts of patent infringement in the Western District of Wisconsin.

## VENUE

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Creative is subject to personal jurisdiction in this District. On information and belief, Creative has voluntarily conducted business and sold patented products and/or products that perform patented processes in the Western District of Wisconsin. Creative has committed and continues to commit acts of patent infringement in the Western District of Wisconsin.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,479,602

6. United States Patent No. 5,479,602 ("'602 patent"), entitled "Content-Based Depictions Of Computer Icons," was duly and legally issued on December 26, 1995 to Ronald M. Baecker, et al. Apple owns and has full rights to sue and recover damages for infringement of the '602 patent. A copy of the '602 patent is attached hereto as Exhibit 1.

7. The '602 patent is valid and enforceable.

8. Creative has infringed, and is still infringing, one or more claims of the '602 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '602 patent.

9. Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '602 patent, in at least this State and

District.

10. On information and belief, Creative's infringement of one or more claims of the '602 patent has taken place, and continues to take place, with full knowledge of the '602 patent and has been, and continues to be, willful, deliberate, and intentional.

11. Creative's infringement of one or more claims of the '602 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's infringement, which in no event can be less than a reasonable royalty.

12. Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '602 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,586,237

13. United States Patent No. 5,586,237 ("'237 patent"), entitled "Method For Generating And Displaying Content-Based Depictions Of Computer Generated Objects," was duly and legally issued on December 17, 1996 to Ronald M. Baecker, et al. Apple owns and has full rights to sue and recover damages for infringement of the '237 patent. A copy of the '237 patent is attached hereto as Exhibit 2.

14. The '237 patent is valid and enforceable.

15. Creative has infringed, and is still infringing, one or more claims of the '237 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '237 patent.

16. Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '237 patent, in at least this State and District.

17. On information and belief, Creative's infringement of one or more claims of the '237 patent has taken place, and continues to take place, with full knowledge of the '237 patent and has been, and continues to be, willful, deliberate, and intentional.

18. Creative's infringement of one or more claims of the '237 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's

infringement, which in no event can be less than a reasonable royalty.

19.     Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '237 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,898,434**

20.     United States Patent No. 5,898,434 ("'434 patent"), entitled "User Interface System Having Programmable User Interface Elements," was duly and legally issued on April 27, 1999 to Ian S. Small, et al. Apple owns and has full rights to sue and recover damages for infringement of the '434 patent. A copy of the '434 patent is attached hereto as Exhibit 3.

21.     The '434 patent is valid and enforceable.

22.     Creative has infringed, and is still infringing, one or more claims of the '434 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '434 patent.

23.     Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '434 patent, in at least this State and District.

24.     On information and belief, Creative's infringement of one or more claims of the '434 patent has taken place, and continues to take place, with full knowledge of the '434 patent and has been, and continues to be, willful, deliberate, and intentional.

25.     Creative's infringement of one or more claims of the '434 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's infringement, which in no event can be less than a reasonable royalty.

26.     Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '434 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,731,312**

27.     United States Patent No. 6,731,312 ("'312 patent"), entitled "Media Player Interface," was duly and legally issued on May 4, 2004 to Jeff Robbin. Apple owns and has full

rights to sue and recover damages for infringement of one or more claims of the '312 patent. A copy of the '312 patent is attached hereto as Exhibit 4.

28. The '312 patent is valid and enforceable.

29. Creative has infringed, and is still infringing, one or more claims of the '312 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '312 patent.

30. Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '312 patent, in at least this State and District.

31. On information and belief, Creative's infringement of one or more claims of the '312 patent has taken place, and continues to take place, with full knowledge of the '312 patent and has been, and continues to be, willful, deliberate, and intentional.

32. Creative's infringement of one or more claims of the '312 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's infringement, which in no event can be less than a reasonable royalty.

33. Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '312 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 5,341,293**

34. United States Patent No. 5,341,293 ("'293 patent"), entitled "User Interface System Having Programmable User Interface Elements," was duly and legally issued on August 23, 1994 to Laurie Vertelney, et al. Apple owns and has full rights to sue and recover damages for infringement of one or more claims of the '293 patent. A copy of the '293 patent is attached hereto as Exhibit 5.

35. The '293 patent is valid and enforceable.

36. Creative has infringed, and is still infringing, one or more claims of the '293 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '293 patent.

37. Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '293 patent, in at least this State and District.

38. On information and belief, Creative's infringement of one or more claims of the '293 patent has taken place, and continues to take place, with full knowledge of the '293 patent and has been, and continues to be, willful, deliberate, and intentional.

39. Creative's infringement of one or more claims of the '293 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's infringement, which in no event can be less than a reasonable royalty.

40. Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '293 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

### COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,047,342

41. United States Patent No. 6,047,342 ("'342 patent"), entitled "PC Processing Card For Decoding Operations," was duly and legally issued on April 4, 2000 to John Depew. Apple owns and has full rights to sue and recover damages for infringement of one or more claims of the '342 patent. A copy of the '342 patent is attached hereto as Exhibit 6.

42. The '342 patent is valid and enforceable.

43. Creative has infringed, and is still infringing, one or more claims of the '342 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '342 patent.

44. Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '342 patent, in at least this State and District.

45. On information and belief, Creative's infringement of one or more claims of the '342 patent has taken place, and continues to take place, with full knowledge of the '342 patent and has been, and continues to be, willful, deliberate, and intentional.

46. Creative's infringement of one or more claims of the '342 patent has injured

Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's infringement, which in no event can be less than a reasonable royalty.

47. Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '342 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 5,799,280

48. United States Patent No. 5,799,280 ("'280 patent"), entitled "Recording Method and Apparatus and Audio Data User Interface," was duly and legally issued on August 25, 1998 to Leo Degen, et al. Apple owns and has full rights to sue and recover damages for infringement of one or more claims of the '280 patent. A copy of the '280 patent is attached hereto as Exhibit 7.

49. The '280 patent is valid and enforceable.

50. Creative has infringed, and is still infringing, one or more claims of the '280 patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '280 patent.

51. Creative has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '280 patent, in at least this State and District.

52. On information and belief, Creative's infringement of one or more claims of the '280 patent has taken place, and continues to take place, with full knowledge of the '280 patent and has been, and continues to be, willful, deliberate, and intentional.

53. Creative's infringement of one or more claims of the '280 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Creative's infringement, which in no event can be less than a reasonable royalty.

54. Creative has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '280 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Creative is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Apple Computer, Inc. respectfully requests that judgment be entered in favor of Apple and against Defendant Creative Labs, Inc., and prays that the Court grant the following relief to Apple:

A. A judgment that Creative has infringed, contributorily infringed, and/or induced the infringement of the '602, '237, '434, '312, '293, '342, and '280 patents, and continues to infringe, contribute to the infringement of, and/or induce the infringement of the '602, '237, '434, '312 , '293, '342, and '280 patents;

B. A judgment that Creative's infringement of the '602, '237, '434, '312, '293, '342, and '280 patents was willful, and continues to be willful;

C. Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Creative, its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement, contributory infringement, and inducement of infringement of the '602, '237, '434, '312, '293, '342, and '280 patents, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '602, '237, '434, '312, '293, '342, and '280 patents;

D. An award of all damages adequate to compensate Apple for Creative's infringement, contributory infringement, and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

E. An award of prejudgment and post-judgment interest to Apple pursuant to 35 U.S.C. § 284;

F. An award of increased damages in an amount not less than three times the amount of damages awarded to Apple for Creative's willful infringement of the '602, '237, '434, '312, '293, '342, and '280 patents pursuant to 35 U.S.C. § 284;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by Apple in this action; and

H. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Apple hereby demands a trial by jury on all issues and claims so triable.

DATED:  May 17, 2006            Respectfully Submitted,

   /s/  Marc A. Cameli
Marc A. Cameli
REINHART BOERNER VAN DEUREN S.C.
1000 North Water Street
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone:    414 298-1000
Facsimile:    414 298-8097
E-Mail:    mcameli@reinhartlaw.com

Bryan K. Nowicki
REINHART BOERNER VAN DEUREN S.C.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Telephone:    608-229-2218
Facsimile:    608-229-2100
E-Mail:    bnowicki@reinhartlaw.com

Counsel for Plaintiff
APPLE COMPUTER, INC.

Of Counsel:

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois 60601
Telephone:    312-861-2000
Facsimile:    312-861-2200
Email:    rkrupka@kirkland.com

Robert G. Krupka, P.C.  (Ca. SBN 196625)
Marc H. Cohen (Ca. SBN 168773)
Brian G. Arnold (Ca. SBN 186007)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:    213 680-8400
Facsimile:    213 680-8500
Email:    rkrupka@kirkland.com
        mcohen@kirkland.com
        barnold@kirkland.com